Edwin Esser appeals from a judgment of the common pleas court finding him to be a sexual predator in accordance with the provisions of Chapter 2950, Revised Code on this appeal he challenges the constitutionality of the sexual predator law and the adequacy of the trial court's hearing held prior to making the sexual predator determination. After a careful review of these matters, we affirm the judgment of the trial court.
On January 25, 1983, the grand jury indicted Edwin Esser for one count of disseminating matter harmful to juveniles, and two counts of pandering obscenity involving a minor. Esser pled no contest to these charges, and the court sentenced him to consecutive terms of incarceration of two to five years on each count.
On August 6, 1997, the court conducted a sexual predator classification hearing. The court incorporated into the record the journal entries in the case, the psychiatric report, and the presentence investigation report. The defense offered no evidence. The court then made a specific finding regarding the age of the victims and the likelihood of recidivism, and found Esser to be a sexual predator. Esser now appeals from this determination, and presents twelve assignments of error for our review.
The first assignment of error states as follows:
I.
 H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28. OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
This same issue has been decided in State v. Cook(1998),83 Ohio St.3d 404. The syllabus there reads:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I
of the United States Constitution.
Accordingly, this assignment of error is overruled.
Assignments of error two, four, five, six, seven, eight, nine, ten, eleven, and twelve, state:
II.
 THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
IV.
 APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
V.
 APPLICATION OF "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
VI.
 H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
VII.
H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
VIII.
 H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10 OF THE OHIO CONSTITUTION.
IX.
 THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
X.
 H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
XI.
 APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO OFFENSES PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
XII.
 THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
These concern issues which have been decided by a panel of our court in State v. Ward(Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, ___ App.3d ___. Accordingly, in conformity with that opinion, we reject those contentions and overrule those assignments of error.
Thus, our substantive review of this case concerns only the third assignment of error, which states:
III.
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Here, Esser contends the court erred in determining him to be a sexual predator because the state did not present clear and convincing evidence that he is likely to participate in sexually oriented offenses in the future. The state maintains that it sustained its burden of proof in this regard. Thus, the issue before us, then, concerns whether the trial court correctly determined Esser to be a sexual predator.
R.C. 2950.09(B)(1) mandates an evidentiary sexual predator classification hearing and states in relevant part:
 * * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
R.C. 2950.09(B)(2) provides in relevant part:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(3) provides the court is to then determine whether the offender is a sexual predator by clear and convincing evidence.
It is important to recognize that such a determination, while imposing a registration burden on the individual classified and a notification requirement on governmental authorities, does not itself constitute commission of a crime, and therefore neither the registration requirement nor the notification procedure places the classified individual in jeopardy nor denies that person any constitutional rights. The proceeding itself is not a criminal one, does not carry a criminal burden of proof, and should not be construed as anything more than a judicial determination of one's status.
It is entirely conceivable that, following a hearing, newly discovered evidence could be presented at a subsequent proceeding and a trial court could change its earlier determination, because the proceeding does not place the offender in jeopardy.
In its consideration of relevant factors at the classification hearing in this case, the court took judicial notice of the court psychiatric report and the presentence investigation report, incorporated by reference the transcript of the plea and sentencing proceedings, considered the ages of the victims being six and three years old respectively, Esser's age of thirty-six which is contained in the presentence investigation report, the nature of the offender's interaction with the victims and the nature of the crimes to which he pled guilty, and the fact that Esser had previously been found to be a parol violator. The court then determined Esser to be a sexual predator.
After reviewing the facts of this case and noting the ages of the victims being three and six years old, the fact that this case involved multiple victims, and considering the nature of the interaction in a sexual context with the victims of these sexually oriented offenses, we cannot conclude the trial court abused its discretion in its determination to classify Esser as a sexual predator. Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY F. McMONAGLE, J., and PATRICIA A. BLACKMON, J., CONCUR
 ___________________________________ TERRENCE O'DONNELL PRESIDING JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(a).